MARTHA V. L. BUCHANAN, Respondent, v. THE PROVIDENT LOAN SOCIETY OF NEW YORK, Defendant, and JAMES E. CHANDLER and HENRY M. T. BEEKMAN, Copartners, Doing Business under the Name of CHANDLER & BEEKMAN, Appellants, and CHARLES P. BUCHANAN, Defendant.

(Supreme Court, Appellate Term, May, 1909.)

Parties — Defendants — Who may be joined — Persons claiming interest.
Tender — In general — Excuses for omission to make.

A complaint in an action for conversion, alleging the delivery of certain chattels to defendant as a pledge or pawn and the refusal of the pledgee to return them because third persons claimed them, states a cause of action, though it contains no allegation of a tender by plaintiff of the amount of the loan and interest.

Although to such an action the persons claiming the goods are not necessary parties, they are proper parties under section 447 of the Code of Civil Procedure.

APPEAL by James E. Chandler and Henry M. T. Beekman, who are sued as copartners, doing business under the name of Chandler & Beekman, from an interlocutory judgment of the City Court of the city of New York overruling, with costs, their demurrer to the plaintiff's complaint.

James E. Chandler, for appellants.

I. T. Flatto, for respondent.

*Per Curiam.*    The complaint in substance alleges that, in March and April, 1907, plaintiff delivered to the Provident

Supreme Court, Appellate Term, May, 1909.    [Vol. 63.

Loan Society certain articles of jewelry as a pledge or pawn, of the value of $2,000, to be held and returned on demand upon payment of the amount loaned with lawful interest; that, prior to the commencement of this action, demand for the return of said articles was made and refused, on the ground that said society had been notified " by other person or persons," not to deliver said articles to the plaintiff. Upon information and belief the defendants Chandler, Beekman and Buchanan claim some interest in said articles. The defendants Chandler, Beekman and Provident Loan Society demur. The only ground of demurrer to be considered is that the complaint does not state facts sufficient to constitute a cause of action. Construed liberally this complaint is in conversion. The fact that the society issued its pawn tickets for the articles to the plaintiff sufficiently indicates their possession by plaintiff at the time of pawning, and that said possession was presumably lawful. In view of the refusal of the society to deliver the articles for the reason stated in the complaint no tender of the loan and interest was necessary. The society is sufficiently apprised of plaintiff's claim. While in the caption of the complaint the defendants Chandler and Beekman are sued as copartners, nevertheless, the complaint does not allege a copartnership; and those defendants, individually, with defendant Buchanan, are charged with claiming some interest in said articles. It is doubtful whether they are necessary parties, but, under section 447, Code of Civil Procedure, they are not improperly brought in, if they are the claimants to these articles.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, and the defendants permitted to answer, upon payment within six days of the costs in this court and in the court below.

Present: Gildersleeve, Dayton and Goff, JJ.

Interlocutory judgment affirmed, with costs, and defendants permitted to answer upon payment within six days of costs in this court and in court below.